```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

MARY TAYLOR-SHELBY,

        Plaintiff,

vs.    No. 06-2190-Ml/P

UNITED STATES OF AMERICA,
et al.,

        Defendants.

```
       ORDER DENYING MOTION FOR INJUNCTIVE RELIEF
                           AND
      ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT
```

      Plaintiff Mary Taylor-Shelby, who is currently a resident of Memphis, Tennessee, filed a <u>pro</u> <u>se</u> civil action on March 30, 2006, along with a motion seeking appointment of counsel. Plaintiff paid the civil filing fee. The Clerk shall record the defendants as the United States of America, the State of Tennessee, and Shelby County.[1]

      The complaint in this action fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a) requires "[a] pleading which sets forth a claim for relief" to contain

>    (1) a short and plain statement of the grounds upon which
>    the court's jurisdiction depends . . . , (2) a short and

---

    [1] Although the complaint uses the designation "et al." in the case caption, the Court will not speculate about the identity of any individual or entity the plaintiff intends to sue.

>     plain statement of the claim showing that the pleader is
>     entitled to relief, and (3) a demand for judgment for the
>     relief the pleader seeks.

Likewise, Fed. R. Civ. P. 10(b) provides as follows:

>     All averments of claim or defense shall be made in
>     numbered paragraphs, the contents of each of which shall
>     be limited as far as practicable to a statement of a
>     single set of circumstances . . . . Each claim founded
>     upon a separate transaction or occurrence . . . shall be
>     stated in a separate count . . . whenever a separation
>     facilitates the clear presentation of the matters sets
>     forth.

<u>See also</u> Fed. R. Civ. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct.").

The complaint in this case is very unclear. The complaint purports to invoke this Court's subject-matter jurisdiction under § 2 of the Voting Rights Act, 42 U.S.C. § 1973; 42 U.S.C. § 1983, which prescribes violations of the United States Constitution and federal law by state officials; and 42 U.S.C. § 1985(3), concerning civil rights conspiracies. The complaint also appears to assert assorted other claims, including "Intentional Familial Status Discrimination, violation of Tennessee Human Rights Commission," "fraud by omission and nondisclosure," "common law conspiracy," "negligent infliction of emotional distress," and "intentional infliction of emotional distress," Compl., p. 1. Elsewhere, the complaint refers, vaguely, to "Title VII of the [C]ivil Rights Act of 1964, as amended, race and Equal protection clause under the XIV amendment, XV and Title XIX suffrage rights. Age Discrimination in Employment and Title I Discrimination ADA 1990." Compl., p. 3.

The factual allegations of the complaint are even more unclear. For example, under the heading "Pattern or Practice of Discrimination," the complaint alleges as follows:

> 1. The Defendant engages in a pattern or practice of discrimination against the Plaintiff. When they ignore the incumbents fragmented County School Board District and the State Senate District 28, 30 and 32 which is based on their racial gerrymandering history of deprivation rights under color of law.
>
> is a violation of the Plaintiff fourteen amendment rights. [sic]
>
> 2. The Defendant fails to follow any objective of the voters by not formalizing guidelines protecting voters rights and violated the freedom of information act.
>
> 3. Incumbents making last minute publicity stunts is on-going every Election Cycle and proof of a continual offense propaganda scheme in order to mislead the people with changes on information that they are the only ones with privilege too. Yet denied the voters equal access which assure them a victory.
>
>     A.  Violated the sunshine law.
>
>     B.  Failed to seize the opportunity to be inclusive of minorities.
>
>     C.  Racial Gerrymandering.
>
>     D.  Restructured district 30 within a seven city council district, for the purpose of excluding Black a needed State Legislative voice, when there is 13 Blacks out of 132 that's a 87% White majority of legislators is racism, tax ion [sic] without representation and discrimination.

Compl., p. 3. These paragraphs fail to identify the specific defendant responsible for these alleged actions. The complaint also contains no other factual allegations concerning State Senate Districts 28 and 32, and there is no allegation that the plaintiff

3

was a resident of State Senate District 30 or that she was a candidate for office in that district.

Plaintiff further complains about difficulties she faced getting on the ballot as a candidate for the Shelby County school board in early 2004 because she did not live in the newly configured district. <u>Id.</u>, pp. 4-5. The white incumbent allegedly also did not live in the district but had pledged to move into the district after the election. <u>Id.</u>, p. 4. Although the complaint refers to incomplete information provided by someone at the Shelby County Election Commission on March 29, 2004; March 30, 2004; and April 1, 2004, it is not clear from the complaint whether the plaintiff eventually qualified as a candidate for that position.

Other allegations are less intelligible. For example, the complaint concludes as follows:

> Plaintiff adopts and incorporates the allegations of Counts 1, 11, and 111 above and for further cause of action that Counter-Defendant, Shelby County Legislator Commissioners [sic], Cross-Defendant Shelby County Elections Commission, and Third-Party Defendant, Shelby County School Board, entered into a conspiracy to misappropriate and steal from the Plaintiff her intellectual property rights and in furtherance of said scheme and plan, caused to be filed in Shelby County, Tennessee certain records that cast clouds on the Plaintiff Civil Law Suits, that was filed in Chancery Court, Docket # 04-0666-3 and the United States District Court Western District of Tennessee, Civil # 04-2341-D/An resulting in damages to the Plaintiff. Said acts by these various Defendants was willful, wanton and outrageous. Because of the news report on March 28, 2006 @ 6:00 PM . . . . said Defendants committed Fraud/Cover-Up and intentional acts of wrong and are, therefore, answerable for $10,000,000.00 in punitive damages.

4

Id., p. 6.[2] There are no counter-defendants, cross-defendants, or third-party defendants to this action, and the "Shelby County Legislator Commissioners," the Shelby County Election Commission, and the Shelby County School Board were not named as parties to this action. The complaint also does not set forth specific causes of action in separate counts, so the reference to "Counts 1, 11, and 111 above" is unclear.

The complaint is accompanied by a stack of documents that are not referenced in the complaint, many of which appear to have

---

[2] Some of the documents submitted by the plaintiff appear to be relevant to these allegations, although they are of little assistance in determining the precise claims asserted. The attachments to the complaint include a news article, entitled "County leaders in blame game over school district 'mistake,'" dated March 28, 2006, which asserts that the Shelby County Commission made a mistake in drawing school board districts two years ago that must be addressed prior to the 2006 school board elections. http://www.wmctv.com/global/story.asp?s=4694130&ClientType=Printable. It is not clear whether the plaintiff cites this article as relevant to her claim about being precluded from running as a school board candidate in 2004 or whether she is asserting a claim about the upcoming 2006 elections.

The plaintiff has also submitted documents concerning a lawsuit she filed in federal court in 2004, Taylor-Shelby v. Shelby County Bd. of Educ., et al., No. 04-2341-D/An (W.D. Tenn.), in which she sued multiple defendants, including the Shelby County Election Commission, the Shelby County Board of Commissioners, and the Shelby County Board of Education, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The factual basis for that complaint appears to be that plaintiff was prevented from timely learning of a Shelby County School Board vacancy and prevented from submitting a qualifying petition to run for the position. The complaint was dismissed sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and Fed. R. Civ. P. 12(b)(6) and (h)(3). Taylor-Shelby v. Shelby County Bd. of Educ., et al., No. 04-2341-D/A (W.D. Tenn. dismissed Jan. 5, 2005). The dismissal order also precluded the plaintiff from filing any further lawsuits in forma pauperis because she "is a frequent filer of patently meritless lawsuits" who is "consistently and persistently abusing the judicial process of the United States Courts." Id., 01/05/05 Order at 7-8. The plaintiff filed a notice of appeal, but her appeal was dismissed for lack of jurisdiction. Taylor-Shelby v. Shelby County Bd. of Educ., et al., No. 05-5491 (6th Cir. May 4, 2005).

Plaintiff has also submitted a statement from the Shelby County Chancery Court, dated May 24, 2004, indicating that plaintiff has a balance due of $333.50 in case no. 04-0666-3, which was apparently commenced against the Shelby County School Board. The complaint and its attachments provide no information about the subject-matter of that lawsuit or its relevance to the instant case.

5

no relation to the subject matter of this action. For example, plaintiff has submitted a letter from the Internal Revenue Service concerning a name change for a tax-exempt nonprofit organization. The plaintiff submitted a letter she wrote to the State Election Commission, dated March 23, 2006, concerning plaintiff's apparent attempt to run for the State Senate under another name, and a letter to the plaintiff from the Tennessee Coordinator of Elections, dated March 3, 2006, advising her that a certified copy of her petition was not received in time for her name to appear on the ballot for the November 7, 2006 election for the U.S. Senate. The attachments also include a copy of a letter to the plaintiff from the Chief Disciplinary Counsel of the Tennessee Board of Professional Responsibility, dated February 24, 2006, advising her that her complaint against an attorney would not be investigated because it "does not state sufficient details and specific incidents concerning the matter." The plaintiff also submitted various documents concerning the probate of the estate of Annie Bell Yancy in 1991; a dispute concerning real property located in Shelby County, Tennessee; various documents from the Probate Court of Cuyahoga County, Ohio concerning Rosie M. Wright, who is apparently the plaintiff's mother;[3] and a detainer warrant issued

---

[3] The plaintiff filed a civil action in this Court on behalf of her mother and sister, Laverne Wright, in 2005 involving some of these matters. The Court issued an order directing the plaintiff(s) to file a complaint that complied with the Federal Rules of Civil Procedure and was personally signed by each plaintiff. The case was dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), when no amended complaint was filed. Wright, et al. v. Cook, No. 05-2608-Ml/An. (W.D. Tenn. dismissed Dec. 27, 2005).

by the Shelby County General Sessions Court concerning possession of real property occupied by the plaintiff. Other documents pertaining to plaintiff's attempts to secure public office include (i) a letter to plaintiff from the Executive Director of the Tennessee Registry of Election Finance, dated January 13, 2006, concerning a payment plan for a $1000 civil penalty that had been assessed against the plaintiff; (ii) a letter to plaintiff from the Executive Director of the Tennessee Registry of Election Finance, dated January 4, 2006, advising plaintiff of her obligation to file a 2005 supplemental annual report concerning an unspecified 2004 campaign; (iii) a letter to plaintiff from the Executive Director of the Tennessee Registry of Election Finance, dated November 17, 2005, advising her that "[t]he civil penalty assessment of $1,000 must be paid in order for you to qualify for state or local office"; (iv) a business tax reporting form, which was apparently filed with the Shelby County Clerk on behalf of Endurance G.R.A.C.S., a business owned by a "Mary Taylor," who is presumably the same person as the plaintiff; (v) a business tax reporting form, which was apparently filed with the Shelby County Clerk on behalf of the Committee to Elect Mary Taylor-Shelby; (vi) a Memphis and Shelby County business tax receipt for Endurance G.R.A.C.S.; and (vii) a letter to plaintiff from the Executive Director of the Tennessee Registry of Election Finance, dated September 4, 2003, advising plaintiff of her obligation to file a supplemental campaign financial disclosure statement concerning an unspecified 2002 campaign. Finally, the plaintiff has submitted various

miscellaneous documents, including (i) a letter to the plaintiff from someone at the Disability Rights Section of the Civil Rights Division of the U.S. Department of Justice advising her that the unspecified issue raised in a letter dated December 23, 2003 would not be investigated; (ii) a letter to someone named Shirley Herrington (who does not appear to be the plaintiff) from State Senator Mark Norris, dated June 26, 2003, responding to a letter she had written concerning the need for tax relief for senior citizens; and (iii) two handwritten letters that were apparently written by the plaintiff in 1986.

On April 17, 2006, the plaintiff filed a document, entitled both "Amendment to complaint and Motion" and "Motion for Injunction Relief," which appears to seek a preliminary injunction "to prohibit the Shelby County Election Commission from Certifying anymore [sic] elections of candidates of any Districts and elections particular OF candidates OF DISTRICT 33, and reinstate my petition until further notice" (emphasis omitted). This document, like the complaint, is very unclear. The plaintiff is listed on the case caption as "Mary Taylor-Shelby Dba SMACC, PAC," although SMACC, PAC is not a party to the original complaint.[4] There are

---

[4] Moreover, plaintiff may not represent SMACC, PAC in federal court. Pursuant to 28 U.S.C. § 1654, a litigant may appear in federal court either pro se or through counsel. However, as the Supreme Court observed:

> It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . As the courts have recognized, the rationale for the rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a
> (continued...)

also no factual allegations concerning Senate District 33 in the complaint. Moreover, the motion appears, on its face, to relate to an action that plaintiff commenced in the Shelby County Chancery Court on or about April 16, 2006. If, as the motion states, the plaintiff obtained a temporary restraining order in state court, it is not clear why she is seeking a preliminary injunction in federal court. Moreover, the complaint filed by this plaintiff requests only monetary relief. Accordingly, the motion for injunctive relief is DENIED without prejudice to its resubmission after the plaintiff has submitted an amended complaint that complies with the Federal Rules of Civil Procedure and contains a prayer for injunctive relief.

The complaint, as drafted, presents this Court with a management problem since "the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wisconsin Dep't of Corrections, 16 Fed. Appx. 507, 509 (7th Cir. Aug. 17, 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir.

---

⁴    (...continued)
licensed attorney.

Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (citations and footnote omitted). A corporate officer has no standing to represent a corporation in federal court. Ginger v. Cohn, 426 F.2d 1385, 1386 (6th Cir. 1970). Accordingly, plaintiff cannot present any claims on behalf of SMACC, PAC except through counsel.

1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991); Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam); Gordon v. Green, 602 F.2d 743 (5th Cir. 1979); Windsor v. A Federal Executive Agency, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8).

Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to submit an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Each claim for relief shall be stated in a separate count that (i) identifies the defendants against whom it is asserted; (ii) sets forth the factual basis for the claim; and (iii) identifies the statute under which the claim arises. Any exhibits to the complaint shall be numbered and shall be referenced

by number in the text of the complaint. The amendment must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the amendment. A failure to timely file an amended complaint in response to this order will result in the dismissal of the complaint in its entirety and without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

      IT IS SO ORDERED this 15th day of June, 2006.

                                           /s/ Jon P. McCalla  
                                          JON PHIPPS McCALLA  
                                          UNITED STATES DISTRICT JUDGE